Spencer, Ch. J.,
delivered the opinion of the court. The question here is, whether an endorsement of a payment on a promissory note, in the hand-writing of the payee, without any other evidence of the fact of payment, ought to have been submitted to the jury, as proof of the payment, and thereby to take the ease out of the operation of the statute of limitations.
The case of Searle v. Lord Barrington has been much relied on, as deciding this point. (2 Str. 827. 2 Lord Raym. 1370. S. C. 8 Mod. 278. S. C. 3 Bro. P. C. 393. 535. S. C.) The action was on a bond, stated in Strange to be dated in 1697, and in Raymond, in 1695. The plea was solvit ad.diem ; the defendant relied on the presumption of payment from the lapse of time ; to repel which the plaintiff ^produced the bond, with two endorsements, under the obligee’s hand, of receipts for interest, the one in 1699, and the other in 1707. Pratt, Ch. Justice, being of opinion, that these entries, under the obligee’s hand, who had the bond in his custody, and might enter what he pleased upon it, could not be evidence for him, nor for his administrator, though they would have been good evidence against him, refused to admit the evidence. Upon debate, the other three judges were of opinion, that it ought to have been left to the jury, for they might have reason to believe, that it was done with the privity of the obligor, and that the constant practice was for the obligee to endorse the payments of interest. A new action was brought, and Chief Justice Raymond suffered the endorsements to be read, and *155 the jury found for the plaintiff. A bill of exceptions being taken, a writ of error was brought to the Exchequer Chamber, where the judgment was affirmed. Afterwards, a writ of error was brought to the House of Lords, and the judgment was there affirmed. Brown’s report of the case gives a fuller statement of the evidence than the other reporters : It is there stated, that the chief justice held, that the endorsements were evidence to be left to the consideration of the jury ; “ and other circumstantial evidence being given to induce the jury 1q believe the bond was not satisfied,” there was a verdict for the plaintiff. Lord Hardwicke, speaking of this case, (2 Ves. sen. 43.) says, «in that case, he takes it, the endorsements were made and bore date within the 20 years, for if those endorsements were dated after the expiration of 20 years, though they were evidence of the actual payment of interest after that time, they would not be evidence to take it out of the presumption.” Phillips, in his Treatise on Evidence, (117.) comments on this case, and in endeavoring to reconcile the decision with his view of the law, asserts that it was proved that the obligee who made tire endorsements died about thirteen years after the date of the bond. In the case of Rose v. Bryant, (2 Campb. 321.) the plaintiff offered, for the purpose of meeting evidence of direct payment, to read endorsements on the bond, acknowledging the receipt of interest and part of the principal, not in the defendant’s handwriting, nor did it appear when they were written, or *that they existed during the intestate’s life time. Lord Ellenbor-ough decided, that it must be proved, that the endorsements were on the bond at, or recently after, the times they bore date. Although, he observed, it may seem, at first sight, against the interest of the obligee to admit part payment, he may, thereby, in many cases, set up the bond for the residue, if the fact stated by Phillips, that in Searle v. Barrington, it appeared that the obligee died about thirteen years after the date of the bond, be correct, the principle of that decision could never have been questioned. The endorsements would have been against the interest of the obligee, and being made when no improper motives of gain could have existed, it would come within the rule mentioned by Lord Ellenborough; for they must have been made before the presumption of payment, from lapse of time, attached. But Mr. Phillips does not mention where or how he ascertained this important fact, and as none of the four reporters of the case notice so controlling a circumstance, I must be permitted to doubt its accuracy; especially, as it is not conceivable that the cause would have been so severely contested, had that fact existed, (a) There *156 is one circumstance stated by Brown, in his report of the case, *which distinguishes that case from this. It appeared that other circumstantial evidence was given, to induce the jury to believe that the bond was not satisfied. What that evidence , , , was, we are- left to conjecture. I he utmost, however, that was decided was, that the endorsements were evidence to be left to the consideration of the jury.
Since that period, the distinct and independent provinces of the court and jury have been much better understood. The courts, now, very properly decide how far the evidence is pertinent and proper, before it is submitted to a jury ; and if it be inconclusive and impertinent, it is rejected, lest it might produce an improper bias on the minds of the jury. It is a fundamental principle, that the private, ex parte acts of an individual shall not be evidence for him, unless those acts were in collision with his interest at the time. To admit evidence of the party’s own creating, I consider repugnant to every sound principle of law. Declarations by a party in his own favor never can be admitted ; and wherein consists the difference between his declaration that he had received a partial payment and his written acknowledgment of such payment ? They are liable to the same objection, as coming from an interested source. Here the endorsement on the note was favorable to the plaintiff’s interest, for he thereby repels the operation of the statute of limitations, and recovers the balance, whereas, without such endorsement, the demand would be barred.
An endorsement, therefore, on a bond or note, made by the obligee or promisee, without the privity of the debtor, cannot be admitted as evidence of payment in favor of the party making such endorsement, unless it be shown that it was made at a time when its operation would be against the interest of the party making it. If such proof be given, it would, I think, be good evidence for the consideration of the jury.
Judgment affirmed.

 It would seem, from the manner in which Mr. Phillips states the case, (p. 115.) that he had before him, at the time, the report of it by Strange; but it is there stated, that the bond was dated the 24th of June, 1697, and that, on the trial of the cause, “ the plaintiff offered to give in evidence an endorsement of *156 interest, under the hand of the obligee, in the year 3707, which was three years before the death of the obligor.” The obligor, then, must have died in 17Í0, or 13 years after the date of the bond ; and Mr. Brown, who gives the same date to the bond, says, expressly, that the obligor died in April, 1730. As none of these reporters mention when the obligee died, the first impression would he, that the word obligee, in this page of the treatise of Mr. P., was an error of the press, did he not. in page 117, where he remarks, that there ought tó be some extrinsic evidence to prove that the endorsement -was made within the 20 years, add, that “ such evidence was produced in that case, it being proved that the obligee who made the endorsement died 13 years after the date of the bond.” That he was, in fact, dead is certain, as the suit was brought by his widow, as administratrix, as stated by Raymond, or as executrix, as mentioned in 8 Mod., where the case first appears; and where it is also mentioned, as a circumstance proved to the jury, that the bond was found among the papers of the testator, after his death, and that he was esteemed an honest man.