ORLANDO B. TURRELL, Plaintiff in Error, *vs.* CALEB MORGAN, Defendant in Error.

#### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Indorsements on the back of a promissory note of sums of money paid thereon, not signed by any one, and it not appearing in any way by whom they were placed there, are no evidence of any fact for or against any one. A party plaintiff suing upon a note with several such endorsements on it, offered the note in evidence, and also the name of the payee which was written on the back, but made no reference whatever to the other endorsements. *Held*, that such endorsements proved nothing against him, and were not in evidence. *Held*, further, that endorsements on written instruments are independent writings in the nature of receipts or written declarations, and that they can be read in evidence only after proof made that they are signed by the party sought to be charged, or have received his consent in some binding form.

### Points and Authorities of Plaintiff in Error.

I.—It will be seen that there is but a single point in this case, which is, where a party claiming on a note reads the same in evidence, whether the endorsements of payment appearing on the note should be considered by the court or referee without being formerly alluded to until the argument.

When an endorsement is made *on a note*, it becomes a part of it. The note itself, by that endorsement, is made evidence of a less indebtedness than it was before. It is impossible to offer one without the other, much more impossible to offer a part of the endorsements (as the name of the payee), without the others written above it. Suppose a receipt in full written across the face of the note, would not an offer of the note be also an offer of the receipt? How can a person be entitled to recover, when the very instrument on which he bases his claim, refutes his claim.

In the *Legal Advertiser* of December 2d, 1861, published at Chicago, a note of the recent decisions of the Supreme Court of Illinois, to appear in the 25*th Illinois Reports*, is in these words: " when a note is given in evidence, the endorsements on the back are also in evidence, and it is in error for

the jury to disregard them." The decision is certainly in ac-. cordance with common sense and equity.

II.—The endorsements, too, are final, and could not be shown to have been for interest as against a subsequent encumbrancer. .The note legally draws but seven per cent. after maturity, and although the parties, as between themselves, may agree to pay more, they cannot charge the land with it. It is our right that all payments should apply upon the indebtedness according to its legal obligations, and should reduce the amount due *pro tanto*.

Points and Authorities of Defendant in Error.

1.—The endorsements on the back of a note constitute no part of the note ; the introduction of a note in evidence therefore does not carry with it the endorsements ; but such endorsements being independent instruments or writings, in the nature of receipts or written declarations, they can be read in evidence only after proof made that they are signed by the party to be charged, or were placed upon the back of the note by him or by his direction, or at least with his assent. *Kimball vs. Lamson*, 2 *Vt. Rep.*, 142; *State vs. McLeren*, 1 *Aiken* (*Vt.*) *Rep.*, 313; *Commonwealth vs. Ward*, 2 *Mass. R.*, 397; *Rosboorn vs. Billington*, 17 *John. R.*, 182; *Brown vs. Munger*, 16 *Vt. Rep.*, 13; 2 *Greenleaf Ev.*, sec. 527; *Bryan vs. Buford*, 7 *J. J. Marshall's* (*Ky.*) *Rep.*, 335; 2d *U. S. Digest, p.* 286, *sec.* 1876.

II.—The case of Plaintiff in Error is not aided by our statute (*Comp. Stat., p.* 685, *sec.* 80,) in reference to the proof of written instruments purporting to be signed, &c.; for these endorsements do not purport to be signed by any one: they must be proved therefore in same manner as if such statute had no existence.

The counsel for Plaintiff in Error seems to make a point of the facts, that these endorsements were written over the name of the payee, and that the name was read in evidence. Now if these endorsements are in evidence at all, their respective dates must be taken as part of them, and all of them, except the first, about which no question is made, bear date after it

is admitted the payee had parted with all interest in the note. Clearly as his acts or declarations, they can have no force against the Defendant in Error.

III.—Even if the endorsements were in evidence before the referee, it was competent for him to interpret each endorsement of $60 by the first one made of that amount,—*i. e.*, that each was intended like the first, as a payment of six month's interest upon the balance of $500, at the rate prescribed in the note, especially as such interpretation accords exactly with the allegations of the complaint in reference to the amount due ; and this Court will presume the referee did so interpret and apply them, if necessary, to uphold and support the judgment.

IV.—It was competent for the Defendant in Error, in making his case, to withhold those endorsements, and he did withhold them.   If the Plaintiff in Error desired that they should go before the referee, he should,—especially when he was distinctly notified that they had not been introduced, and that he might prove and introduce them if he chose,—have proved and introduced them himself.   Having failed to accept that offer, it is not for him now to complain that the referee disregarded them.   The presumption is that they were not genuine, and could not be proved, or he would have attempted at least to prove them.

V.—But even if the endorsements were in evidence, and if the referee has erred in the basis of his computation of the amount due the Defendant in Error, the Plaintiff in Error cannot contest the question in this cause, for the reason that he does not appear to have any interest or lien whatever in or upon the mortgaged premises.

VI.—The decree should be affirmed except that portion thereof in relation to the right of possession and redemption, under and pursuant to the statutes therein referred to ; and the case should be remanded, with directions to so modify it in the Court below as to omit such portion.

1st. These statutes have no reference to and cannot affect mortgages executed prior to their passage. *Bronson vs. Kenzie*, 1 *How. U. S. Rep.* 311, (14 *Curtis* 628) ; *McCracken vs.*

*Hayward,* 2 *id.* 608, (15 *id.* 228); *Gautly vs. Ewing,* 3 *id.* 716 (15 *id.* 612); *Howard vs. Bugbee,* 24 *id.* 461.

2d. They do not purport to change the form or mode of proceeding or foreclosure in any case, but simply to qualify and abridge the estate acquired by the purchaser under the sale and conveyance by (sheriff or) referee. *Comp. Stats. p.* 672, *secs.* 14, 15; *Id.* 481, *secs.* 19, 28; *Id.* 646, *secs.* 21–2; *Sess. Laws* 1860, *chap.* 87:

ALLIS & PECKHAM, Counsel for Plaintiff in Error.

H. R. BIGELOW, Counsel for Defendant in Error.

*By the Court*—FLANDRAU, J.—The only question presented by this case is, whether a party can offer a note in evidence without at the same time putting in evidence all the endorsements that may be upon the back of it. The note offered by the Plaintiff was an ordinary promissory note payable to the order of William H. Shelly. On the back of it appeared the name of said Shelley, and above his name appeared the following indorsements :

" Paid on the within May 19, 1855, twenty-five dollars."

" October 20, '55, paid six months interest on the within, sixty dollars, $60.00."

" May 4, 1856, paid on the within sixty dollars, $60."

" October 20, 1857, paid on the within sixty dollars, $60."

" May 20, 1858, paid on the within sixty dollars, $60."

When the Plaintiff put the note in evidence he made no reference to any of the endorsements except the name of Wm. H. Shelley, which he read in evidence. After the Plaintiff had rested his case, the Defendant insisted that the endorsements were all in evidence, and claimed the right to have the payments so proved applied to the principal sum of said note, except so much of each respectively as was necessary to pay what interest was due on said note up to the time of the endorsement, at the rate of seven per cent. per annum, &c. The Plaintiff insisted that the endorsements were not in evidence, and offered to have the case opened so that the Defendant might introduce the same, and any other competent testimony

with reference to payments on said note. The Defendant, however, did not avail himself of the proposition, and the referee found that they were not in evidence, and disregarded them in his finding, allowing no payments save what were admitted in the pleadings.

The Defendant's counsel insists that when an endorsement is made on a note, it becomes part of it, and they are inseparable. It seems to us that this doctrine, if we should admit it to be true in the main, must be qualified by at least one fact, and that is, that the endorsement must appear to be the act of the party to be changed. Now under our rule of evidence, which differs diametrically from that of any other country that we are aware of, if an endorsement of a payment purported to be signed by a party who had a right to receive it, as for instance the payee or holder of the note, then such endorsement would be *prima facie* evidence of the facts contained in it until the person by whom it purported to have been signed, denied it under oath, (*Comp. Stat.* 685, *sec.* 80); and it may be that such an endorsement would be inseparable from the note under the peculiar rule of evidence above referred to; but in this case the endorsements are not signed at all, and nothing appears as to whose hand writing they are in, nor by whom they were placed there, nor whether the payee or holder gave any consent whatever to their being placed upon the note. It is true a party may always make evidence against himself, and never in his own favor, but when a written admission of a party is sought to be used against him, such as a receipt for the payment of money, (and this is the character of these endorsements), it must of course first appear that he made or authorized it. Now if these endorsements must, as the Defendant insists, be read with the note, they prove nothing against the Plaintiff, as *non constat*, but that they were written on the note by the Defendant himself, or some equally unauthorized person.

But we do not think the endorsements necessarily form part of the note. In *Roseboom vs. Billington*, 17 *John.* 182, a bond was offered in evidence with an endorsement of a payment upon it, made in the hand writing of the payee. Without the aid of this payment the bond would have been satis-

fied by the operation of the statute of limitations. There was no other evidence of the fact of the payment having been made besides the endorsement in the hand writing of the payee. It was held, that alone, the endorsement would not prove the fact of payment, and that it would be necessary to accompany it with proof that it was made at the time of its date, or that when made its operation would have been against the interest of the party making it, and with such proof it would be good evidence for the consideration of the jury. Suppose in that case, as in the one at bar, nothing had appeared as to who placed the endorsement on the bond, would it have established a payment for any purpose? We think not. See also *Brown vs. Munger*, 16 *Vt.* 13.

We think that endorsements on the back of written instruments, are independent writings in the nature of receipts or written declarations; and that they can be read in evidence only after proof made that they are signed by the party sought to be charged, or have received his assent in some binding form.

The counsel for the Defendant calls our attention to a case recently decided in Illinois, and which will appear in the 25th volume of Illinois Reports, where it was held " that when a note is given in evidence, the endorsements on the back are also in evidence, and that it is error for the jury to disregard them." The only report of the decision that the counsel has seen is in a legal newspaper, and in the above words. There may have been, and probably were, features in the case that made the endorsements evidence, which do not appear in the meagre report we have of it. At any rate, we could not hold against our own convictions upon such doubtful authority. And what strengthens the presumption that the whole of that case does not appear, is the fact that the learned and industrious counsel has been unable to find any other that holds the same rule, while there are several that weigh heavily against it, besides those above cited.

The Plaintiff seeks a modification of that part of the decree which directs the time of redemption, and right of possession during that time, to be governed by the law in force at the date of the decree, and asks that it be controlled by the

law in force at the date of the mortgage. ·This point was fully considered in the case of *Stone vs. Bassett*, 4 *Minn. R.*, 298, and also in the case of *Heyward vs. Judd ib.* 483. The sale having been made by order of the Court sitting as a court of equity, and not under the power of sale contained in the mortgage, the time of redemption and the right of possession during that period must be controlled by the law in force at the time the decree was made.

The judgment must be affirmed.