COLUMBUS C. RISLEY, as Executor, etc., of ELIZA R. WIGHTMAN, Respondent, *v.* JAMES R. WIGHTMAN, Appellant.

*Plaintiff described in pleading as executor instead of as administrator — amendment allowed at General Term — Defect of parties — must be pleaded — Indorsement on note — when it takes a case out of statute of limitations.*

In this action, brought upon a promissory note made and delivered to one Eliza R. Wightman, the complaint alleged her death, the admission of her will to probate, and the issue of letters testamentary to the plaintiff as sole executor. The answer denied the appointment of plaintiff as executor and the issue of letters testamentary to him. Upon the trial it appeared that no executor had been named in the will, and that letters of administration with the will annexed had been granted to the plaintiff and one Harriet E. Ackerley.

*Held,* that the error in the description of the representative character of the plaintiff was amendable, either before or after judgment, and that such amendment should be allowed by the General Term upon appeal.

That any defect of parties plaintiff, arising from the omission of the plaintiff to join his co-administratrix with him, was waived by the failure of the defendant to set up the defect in his answer.

The defendant claimed that the action was barred by the statute of limitations. The note was dated March 1, 1864, payable one year after date. Upon the back of the note were indorsements of interest in the handwriting of the testatrix, dated in 1865, 1866, 1867, 1868 and 1869, and May 9, 1870. The action was commenced April 12, 1876.

*Held,* as the indorsements purported to have been made by the testatrix before the note was outlawed, they were admissible in evidence against the defendant, without proof of actual payment.

Whether or not such payments were actually made was a question for the jury.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*H. J. Coggeshall,* for the appellant.

*Henry T. Wiley,* for the respondent.

Talcott, J. :

This is an appeal from a judgment recovered on a verdict rendered at the Oneida circuit. The action is upon a promissory note made and delivered to one Eliza R. Wightman in her lifetime, and the plaintiff sues as her executor.

In the complaint, after alleging the death of Eliza R. Wightman, he alleges that the will was admitted to probate by the surrogate of Oneida county, and that letters testamentary were, thereupon, duly issued to the plaintiff as sole executor. The defendant by his answer denied that the plaintiff was ever appointed executor of Eliza R. Wightman, or that letters testamentary were ever issued to the plaintiff as sole executor of said Eliza.

When the will came to be introduced it appeared that the places left for the names of executors had never been filled up, and that instead of letters testamentary having been issued to the plaintiff, he had, jointly with one Harriet E. Ackerley, been appointed administrator with the will annexed, and the defendant moved for a non-suit on the ground, that "this action having been brought and prosecuted in the name of the plaintiff as sole executor, and the evidence showing that he is administrator with the will annexed, he cannot under the pleadings recover as such sole executor;" and, that the action is brought and prosecuted in the name of Columbus C. Risley, as sole executor of the estate of Eliza R. Wightman, deceased, whereas, the letters offered by plaintiff and received in evidence, show that Columbus C. Risley is not such sole executor, but is co-administrator with Harriet E. Ackerly, with the will annexed. The objection thus made presented two points: First, Whether the plaintiff could recover by reason of the variance in his description of his representative character; second, because of the non-joinder as plaintiff of the co-administratrix of the plaintiff. As to the misdescription by the plaintiff of his representative character the complaint was amendable in that respect and should be amended accordingly. (*Bank of Havana* v. *Magee*, 20 N. Y., 355.) Where it is held that a misdescription of the plaintiff is amendable before or after judgment. As an amendment describing the plaintiff as administrator, with the will annexed, instead of executor, does not change the rights of the parties, and constitutes a mere technical variance in the description of the representative character, and the defendant has not been in any way mislead or injured by such misdescription, the complaint is ordered to be amended under section 173 of the Code of Procedure in force when this action was tried, and section 723 of the Code of Civil Procedure, by stating the title of the plaintiff as that of administrator, with the

will annexed, and by changing the averment that letters testamentary were issued to the plaintiff by the surrogate of Oneida county, to an averment that letters of administration, with the will annexed, were so issued.

As to the non-joinder, the answer does not set up any facts showing any defects of parties plaintiff; and as no such defect appears on the face of the complaint, the non-joinder of the co-administrator was waived by the defendant, when he omitted to allege in his answer the facts which show that Harriet E. Ackerley ought to have been joined with the plaintiff in bringing the action. If such facts had been set up in the answer, the plaintiff might have come to the trial prepared to show that Harriet E. Ackerley had resigned or been removed before the action was commenced.

The defendant also set up, by way of defense, that the cause of action did not accrue within six years next before the commencement of the suit. The note in question was dated March 1, 1864, payable one year after date; certain indorsements of partial payments on the note were proved to be in the handwriting of the testatrix. The indorsements were dated in 1865, 1866, 1867, 1868, 1869, and the last, a payment of twenty dollars, on May 9, 1870. The testatrix died in 1875, and the suit was commenced April 12, 1876. The part payment, May 9, 1870, took the case out of the statute for six years ensuing that payment. (Code, § 110.)

The indorsements in the handwriting of the testatrix which purport to have been made before the note was outlawed were admissible in evidence. The fact that the indorsements constituted admissions against the interest of the testatrix, at the time they were made, rendered them admissible in evidence against the defendant, without proof of the actual payments. Whether the payments were actually made was a question for the jury. (*Roseboom* v. *Billington*, 17 Johns., 182; *Coffin* v. *Bucknam*, 12 Maine, 471; Smith's Leading Cases, 725, marginal.)

The judgment is affirmed and the amendment of the complaint specified in this opinion ordered.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed and complaint ordered to be amended as specified in the opinion.