BENJAMIN S. MILLS, AS EXECUTOR, ETC., OF CLARISSA DARLING, DECEASED, RESPONDENT, *v.* LESTER H. DAVIS, AS EXECUTOR, ETC., OF ELIZABETH JAYNE, DECEASED, APPELLANT.

*Evidence — admissibility of proof as to indorsements of payments on a note, to remove the bar of the statute of limitations — testimony as to the time when an indorsement of a payment was made on a note — when it is not inadmissible under Code of Civil Procedure, sec. 829.*

This action was brought by the plaintiff, as the executor of Clarissa Darling, deceased, to recover the amount due upon a promissory note for $300, dated November 17, 1864, made by the defendant's testatrix, to the order of the said Clarissa Darling. The maker of the note died in 1884. The defendant having pleaded the statute of limitations as a defense to the action, the plaintiff was allowed, against the defendant's objection and exception, to prove by his own testimony and that of his wife, that indorsements of the payment of interest were made upon the note during the lifetime of the maker by the plaintiff, as the agent of the payee, during her lifetime, and thereafter by him as executor.

*Held,* that neither the plaintiff nor his wife were disqualified by section 829 of the Code of Civil Procedure from testifying as to the time at which the indorsements were made.

That the indorsements were admissible as being in the nature of declarations against interest, without proof that they were made in the presence of the debtor, or at the exact time at which the payments were made. (BARNARD, P. J., dissenting.)

*Roseboom* v. *Billington* (17 Johns., 182); *Risley* v. *Wightman* (13 Hun, 163) followed; *McLaren* v. *McMartin* (36 N. Y., 88) distinguished.

APPEAL from a judgment in favor of the plaintiff, entered in Kings county upon the report of a referee.

The action was brought to recover the amount alleged to be due on a promissory note for $300 made by Elizabeth Jayne, the defendant's testatrix, to the order of one Clarissa Darling, the plaintiff's testatrix, which was duly presented to the defendant and by him disputed and duly referred. pursuant to the statute. The defense is that the note is without consideration, and that a recovery is barred by the statute of limitations. The note is dated November 17, 1864, and has upon it six different indorsements of interest, one of which was made by plaintiff, as agent of the payee, during her lifetime and all the others by himself as executor of the payee's

estate and during the lifetime of the maker. It was not shown that it was ever produced to the maker thereof, or that she ever paid a dollar on it, or that in any way she ever recognized it or knew that any indorsements had been made upon it.

*Thomas J. Ritch, Jr.,* for the appellant.

*Thomas S. Strong,* for the respondent.

CULLEN, J. :

The indorsements of the payment of interests, if proved to have been made at or about the time they bear date, were competent evidence to take the note out of the statute of limitations. (*Roseboom* v. *Billington,* 17 Johns., 182 ; *Risley* v. *Wightman,* 13 Hun, 163.) Neither the plaintiff nor his wife were disqualified from testifying as to the time indorsements were made. The indorsements, though evidence of a personal transaction with the deceased debtor, were not themselves such transactions. For to make them competent evidence, it was not necessary to show that they were made in the presence of the debtor, nor at the exact time of the payment by the debtor. The theory on which such indorsements are admitted in evidence is not that the debtor was cognizant of them, but that if made before the obligation was outlawed, they are in the nature of declarations against interest. The rule allowing such indorsements as evidence, though severely criticised, seems settled by authority here and in England. The case of *McLaren* v. *McMartin* (36 N. Y., 88) is not in conflict with it. The note in that case, even accepting as the fact the payment of interest indorsed on it, was outlawed before the death of the testator. It was held that the administrator could not, by a subsequent payment, revive the debt. The remarks of the learned justice delivering the opinion that the indorsements written by the payee were mere declarations in his own favor were *obiter,* and possibly may have referred to the fact that there was no evidence as to the time the indorsement was made. However, the case was decided upon the other ground.

The note *prima facie* imported a consideration. If given without consideration, as claimed by defendant on this appeal, the defendant should have requested the referee so to find. There was no such request, and there is no exception in the case that presents

this question to us for review. The judgment should be affirmed, with costs.

DYKMAN, J., concurred.

BARNARD, P. J. (dissenting):

There is no proof in the case that any payment was made upon the note by the maker or by any one for her. An indorsement on the note, if made by the holder or by any one for her, would be an admission against herself that she had received what she admits to have received. The defendants claim nothing by reason of the admission, and the case stands upon the sole question whether a holder of the note can by indorsement, without payments, keep alive a note. I think it clear she cannot even if she made the indorsement of interest or authorized it. Still less, if her son-in-law made such indorsements without her knowledge. The case of *Roseboom* v. *Billington* (17 Johns., 182) is not an authority in favor of a revival of, or the continuance of a claim by an indorsement like this. The evidence of the indorsements was improperly received under section 829 of the Code. If the indorsements were acts of the plaintiff's testator, the plaintiff could not prove them in his own behalf. It is no answer to say that the indorsements are evidence for a jury as admissions of a party to a note against her own interest. Such admissions must be proven by a witness unobjectionable, under section 829 of the Code. I do not think the indorsements were made in the lifetime of the testator. The parties who testify to it are interested and their examination is not convincing, but quite the reverse.

The judgment should be reversed and a new trial granted at circuit, with costs to abide event.

Judgment and order confirming report of referee affirmed, with costs.