(47 App. Div. 94.)

## PURDY v. PURDY.

(Supreme Court, Appellate Division, Third Department. January 8, 1900.)

LIMITATIONS OF ACTIONS—PART PAYMENT—INDORSEMENT ON NOTE.

    An indorsement alone, without other proof as to when it was made, is inadmissible as evidence of payment on a note, so as to take it out of the statute of limitations.

Appeal from trial term, Rensselaer county.

Action by Thirza Purdy, as administratrix, etc., against Edward J. Purdy. From a judgment entered on a verdict for the plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

Henderson Peck, for appellant.

Charles E. Patterson, for respondent.

PARKER, P. J. On April 1, 1889, the defendant executed and delivered to one Howard Purdy a promissory note dated on that day, whereby he promised to pay to him in one year from such date $300, with interest at 5 per cent. Howard Purdy died on the 7th day of October, 1898. The plaintiff, as the administratrix of his estate, on the 16th day of November, 1898, brought this action to recover upon such note. The defendant claims that a recovery is barred by the statute of limitations. There is but one indorsement appearing upon the note, and that reads as follows: "Received April, '93, five dollars ($5.00). H. Purdy." It was proven that such indorsement was in the handwriting of Howard Purdy, but there was no evidence whatever that it was made before the statute of limitations had run against the note, other than such as may arise from the date in the indorsement itself. One witness testified that he saw the deceased make the indorsement in April, 1897, but his testimony was so thoroughly discredited that the jury were justified in rejecting it, and we must consider the case as if no such evidence had been given. The trial judge admitted the indorsement in evidence under the defendant's objection and exception, and the jury have found a verdict for the plaintiff. The question, therefore, presented upon this appeal, is whether the indorsement alone, without other proof as to when it was made, may be introduced in evidence as proof of a payment upon the note, so as to take it out of the operation of the statute. The appellant's counsel very fairly concedes that, unless a presumption arises that the indorsement was made at the time it bears date, it was not such a

declaration as was admissible in the intestate's favor, and that in such event this action cannot be maintained. He concedes, as does the authority upon which he bases his claim, viz. 1 Greenl. Ev. § 121, that such indorsement is admissible as evidence only upon the theory that it is a declaration against the interest of the one who made it, and that it is against such interest only in the event that it is made before the statute has fully run against the note; but, in the absence of any proof to the contrary, he claims that it should be presumed that the indorsement was made at the time it bears date. The rule laid down by Greenleaf is clearly to that effect, but under the authorities in this state I am of the opinion that such rule has never been adopted here.

In Roseboom v. Billington, 17 Johns. 181, 187, it is said:

"An indorsement, therefore, on a bond or note, made by the obligee or promisee, without the privity of the debtor, cannot be admitted as evidence of payment in favor of the party making such indorsement, unless it be shown that it was made at a time when its operation would be against the interest of the party making it. If such proof be given, it would, I think, be good evidence for the consideration of the jury."

In Mills v. Davis, 113 N. Y. 243, 21 N. E. 68, 3 L. R. A. 394, where the effect of such an indorsement was under consideration, Judge Danforth says:

"It was, therefore, held in Roseboom v. Billington, 17 Johns. 181, that, to make such indorsement admissible, it must be proven to have been made before the presumption of payment attached. Nothing less has been required from the day of that decision to the present time."

And again he says:

"Something more, then, is needed than the indorsement even, to carry the case to the jury. It must appear to have been made by a creditor, and at a time when he had no motive to give a false credit, and at least before the statute of limitations can have operated."

This rule is clearly in conflict with the one relied upon by the respondent. That rule makes the indorsement itself presumptive evidence that it was made at the time it purports to have been made, and puts the "burden of proving the date to be false on the other party." The authority above cited declares that something more than the indorsement is needed to carry the case to the jury. It must be proven to have been made before the claim was outlawed.

In Stephens on Evidence (article 28), it is said that such an indorsement is evidence "if it is shown to have been made at the time when it purports to have been made, but it is uncertain whether the date of such indorsement or memorandum may be presumed to be correct without independent evidence." In Chase's note to the above article, it is said that "the date of the indorsement is not sufficient to show this, but there must be independent evidence on this point."

In Livingston v. Arnoux, 56 N. Y. 519, in considering the effect of written memoranda after the death of the one who made them, it is said, "The general presumption is that an instrument was made at its date," but that some exceptions exist, and Roseboom v. Billington is cited as one of such exceptions. See, also, Hulbert v. Nichol, 20 Hun, 456, 457.

These authorities seem to be controlling upon the question here presented. ' Moreover, if the rule as stated in Greenleaf is to prevail, it will, in my opinion, to a very great extent interfere with the operation of the statute as applied to promissory notes, and furnish a great temptation to the entry of false indorsements, made for the purpose of taking them out of the bar of the statute. Neither upon principle nor authority was the indorsement evidence, and it should not have been admitted as such.

It is unnecessary to examine the other questions presented. For the reasons above given, the judgment is erroneous; and should be reversed.

Judgment and order reversed, and a new trial granted; costs to abide the event. All concur.