## COFFIN *vs.* BUCKNAM.

In an action by an administrator on a promissory note, commenced more than six years after the date of the note, an indorsement in the handwriting of the intestate, of a payment purporting to be made more than two years before the statute of limitations would attach, and six months prior to his death, it was held, the jury might regard as evidence of a new promise, though there was no proof other than as above, of the time when said indorsement was actually made.

ASSUMPSIT, upon two promissory notes, one of which was dated *April* 6, 1825, given by the defendant to *Joseph Wilson*, and by him indorsed to the plaintiff's intestate. The writ was dated *August* 8, 1833. The defendant pleaded the general issue and the statute of limitations.

To avoid this defence, the plaintiff relied upon an indorsement of four dollars upon the note, purporting to have been made *December* 16, 1828, and in the handwriting of the intestate, who died in *June*, 1829, as evidence of a new promise. There was no evidence other than as above, of the time when said indorsement was actually made.

The defendant contended, that this was not sufficient to take the case out of the statute of limitations. But *Whitman C. J.* in the C. C. Pleas, instructed the jury, that the indorsement having been made long before the lapse of six years, and before the intestate could have any inducement to make it, other than the fact that the payment had been made as the indorsement purported, might be evidence of a new promise, made at the time, to pay the balance of the note, and might be by them considered sufficient evidence of it, if unexplained by any other evidence tending to show that it had been improperly made. Whereupon the jury returned a verdict for the plaintiff for the amount due upon the note. To the foregoing instructions the defendant's counsel took exceptions and brought the case up to this Court.

*Chase*, for the defendant, contended that the indorsement was not competent evidence. It is the mere declaration of the party. If he charged himself, so also did he benefit himself. The small amount of the indorsement, compared with the amount of the note, renders the transaction suspicious.

There is no case, that he was aware of, where an admission of a party against himself at the time it was made, was afterward permitted to be used by him for his own benefit. *Whitney* v. *Bigelow*, 4 *Pick.* 110.

*Hamlin*, for the plaintiff, cited *Roseboom* v. *Billington*, 17 *Johns.* 182; *Phill. Ev.* 114; *Searle* v. *Barrington*, 2 *Strange*, 826.

WESTON C. J. — The modern doctrine, as to what is necessary to take a case out of the statute of limitations, will be found laid down in *Perley* v. *Little*, 3 *Greenl.* 97; *Porter* v. *Hill*, 4 *Greenl.* 41, and in *Bangs* v. *Hall*, 2 *Pick.* 374. We refer to these cases as presenting a very satisfactory elucidation of the statute, and the effect to be given to it. In *Whitney* v. *Bigelow*, 4 *Pick.* 110, the court in *Massachusetts* express their determination to adhere to the principles decided in *Bangs* v. *Hall*, which are in accordance with the law as settled here. But they further proceed to state, that no set form of words is necessary to prove the acknowledgment of a debt, or a promise to pay it; and that it may be inferred from facts without words, as by payment of part of a contract, within the six years. Payment by the maker of a note of a part of it, and causing it to be indorsed thereon, is an act equivalent to an acknowledgment in words, that the note is a subsisting debt, and is evidence of a promise to pay it. And this deduction, about which there could have been no question, according to the older cases, is in *Whitney* v. *Bigelow*, holden to be consistent with the later and more approved decisions, under the statute. But it is there stated, and very properly, that the operation of the statute will not be avoided by a mere indorsement by the plaintiff himself, without the knowledge of the defendant, or proof of the payment of the sum indorsed.

The indorsement on the note in question, was made by the plaintiff's testator. Is there competent proof that it was upon a payment by the defendant? We are of opinion that there is. The indorsement must have been made before the six years had expired; for the note was given in 1825, and the testator died in

1829. At the time of the indorsement, he was under no tempt-ation to make it, for the sake of evidence ; as the statute would not have attached for more than two years. The indorsement was then clearly against his interest, furnishing proof that he had received part of the contents of the note. This never could have been done, if the sum indorsed had not been paid. And it could have been paid only by the defendant, or by some one authorized by him. These are inferences justified by common experience ; and they are of a character to satisfy the mind. Proof of this description is a kind of moral evidence, in regard to which no reasonable doubt can be entertained. It has accordingly been holden, that entries, made by persons deceased, against their interest, are admissible in evidence. *Warren* v. *Greenville,* 2 *Strange,* 1129. *Higham* v. *Ridgewey,* 10 *East,* 109. *Doe, upon the dem.* of *Ruce* v. *Robson,* 15 *East,* 32. In the last case, *Lord Ellenborough* says, " the ground upon which this evidence has been received is, that there is a total absence of interest in the persons making the entries to pervert the fact, and at the same time a competency in them to know it."

The opinion of the Court is, that the instructions to the jury of the presiding Judge, in the court below, were in conformity with the law of the case.

*Exceptions overruled.*