H. L. CARTER, Administrator of B. ENGLISH, Appellant, *v.* SAMUEL H. CARTER *et al.*, Respondents.

| 44 | 195 |
| 51a | 523 |

| 44 | 195 |
| 118 | 430 |

| 44 | 195 |
| c78a | 350 |

| 44 | 195 |
| 84a | 303 |

1. *Bills and notes — Statute of limitations — Indorsements of credit, effect upon.*— The time when the indorsement of a credit on a note was made is a fact to be settled by the jury, and to this end the writing must be laid before them. If there is no evidence to the contrary, the presumption is that the indorsement was made at the time it purports to bear date, and the burden of proving the date to be false lies with the other party. But if the date does not purport to be made cotemporaneously with the receipt of the money, it is inadmissible as a part of the *res gestæ.*

2. *Bills and notes — Statute of limitations — Credits indorsed upon, when evidence of part payment.*— In an action by an administrator upon a note made to his intestate more than ten years before, the indorsement of a credit thereon by the intestate, nearly two years before the note expired by limitation, would be *prima facie* evidence that he had received part payment on the note. Such indorsement was clearly admissible, because against the interest of the deceased.

### *Appeal from Lincoln Circuit Court.*

*D. P. Dyer*, for appellant, relied upon 37 Mo. 341, and Ang. on Lim. 264, § 3, and cases cited.

WAGNER, Judge, delivered the opinion of the court.

This was an action, originally brought before a justice of the peace, on a promissory note made by defendants to plaintiff's intestate. The note was dated on the 21st day of February, 1847, and on the 10th day of November, 1855, a small credit was indorsed on it in the handwriting of English, the payee and intestate. The suit was commenced on the 23d day of October, 1865, and the defense set up was the statute of limitations. The defendants had judgment in the magistrate's court, and, on appeal to the Circuit Court, the note was read in evidence, and the indorsement thereon, without objection. No other evidence was offered or introduced, and the court affirmed the decision of the justice of the peace. The single question presented for decision is whether the indorsement in the handwriting of the payee was sufficient evidence of payment to take the case out of the operation of the statute of limitations. The indorsement was read without objection, and it is therefore evidence before the court.

In Coffin v. Bucknam (3 Fairf. 471), an action was commenced by an administrator more than six years after the date of the note; there was an indorsement on the note in the handwriting of the intestate, purporting to be made about two years before the statute of limitations would attach, and six months prior to his death; and it was held that the jury might regard the indorsement as evidence of a new promise, though there was no other proof of the time when the indorsement was actually made. The court said that the credit would not have been placed on the back of the note if the money had not been paid—and it could have been paid only by the defendant, or by some one authorized by him—that the inference of payment was justified by common experience, and of a character to satisfy the mind. Such proof was a kind of moral evidence in regard to which no reasonable doubt could be entertained. It is the usual, ordinary, and well-known course of business that partial payments are forthwith indorsed on the back of the security, the indorsement thus becoming part of the *res gestæ.* Wherever, therefore, an indorsement is shown to have been made at the time it bears date, which will be inferred from its face, in the absence of opposing circumstances, the presumption naturally arising is that the money mentioned in it was paid at that time. (1 Greenl. Ev. § 122.)

If the date is at a period after the demand became stale, or affected by the statute of limitations, the interest of the creditor to fabricate it would be so strong as to countervail the presumption of payment, and require the aid of some other proof; and the case would be the same if the indorsement bore a date within that period, the instrument itself being otherwise subject to the bar arising from lapse of time. (1 Greenl. Ev. § 122, n. 2.)

The time when the indorsement was made is a fact to be settled by the jury, and to this end the writing must be laid before them. If there is no evidence to the contrary, the presumption is that the indorsement was made at the time it purports to bear date, and the burden of proving the date to be false lies on the other party. But if the indorsement does not purport to be made cotemporaneously with the receipt of the money, it is inadmissible as a part of the *res gestæ.* The inquiry which is usually

made in such cases is whether the indorsement, when it was made, was against the interest of the party making it — namely, the creditor—which, in other words, is simply inquiring whether it was made while his remedy was not impaired by lapse of time.

There is another view of this case which is entitled to consideration, if the jury find that the indorsement was made at the time it bears date. It has been often held that entries made by persons deceased, against their interest, are admissible in evidence. (Warren v. Greenville, 2 Strange, 1129 ; Higham v. Ridgeway, 10 East, 109.) In Doe v. Robson, Lord Ellenborough says: " The ground upon which this evidence has been received is that there is a total absence of interest in the persons making the entries to pervert the fact, and at the same time a competency in them to know it."

In the present case, the indorsement appears to have been made nearly two years before the note expired ; the intestate was, therefore, under no temptation to make it for the sake of evidence, for the statute would not be pleadable in law during that length of time. The indorsement, then, was clearly against his interest, furnishing proof that he had received part payment on the note. I think the indorsement was at least *prima facie* evidence, and should have been so considered.

The judgment must therefore be reversed and the cause remanded. The other judges concur.