———o———

WM. B. PHILLIPS, Defendant in Error, *vs.* ELIZABETH   J. MA-
HAN, Plaintiff in Error.

1. *Limitations, statute of—Note—Partial Payment—Indorsement.*—An indorse-
ment of partial payment, made on a note by the holder without the privity of
the maker, is not of itself sufficient evidence of a payment to repel a defense
created by the Statute of Limitations ; but such indorsement made by the con-
sent of the maker is sufficient.

*Error  to Marion  Circuit  Court.*

*Glover & Shepley, and  W. H. Bliss,* for Appellant.

" A credit given by plaintiff, on an account which would
otherwise be barred on its face, without proof of payment by
defendant does not take the debt out of the  operation of the
statute of limitations." (Taylor & McDonald, 2 Rep. Con. Ct.,
cited in Vol. 4, U. S. Dig., p. 813, § 482.)

" The indorsement on a note of part payment, made by the
holder and uncorroborated by other evidence of payment, is
not sufficient evidence to take the note out of the statute of
limitations."   (Connelly & Pierson, 4 Gilm., 108.)

The following decisions show the strictness with which the
courts have ruled, touching the question of  part payment.
(Clapp vs. Ingersol, 2 Fairf., 83 ;  Arnold vs. Dowling, 11
Barb., S. C., 554 ; Maskell vs. Pooley, 12 La. An., 661 ; Wate-
man vs. Burbank, 8 Metc., 352 ; McGehee vs. Greer, 7 Por-
ter, 537 ; McCullough vs. Henderson, 24 Miss., 92 ; Anderson
vs. Robertson, 24 Miss., 389.)

It is not proof of an oral agreement to  enter a part pay-
ment, but an *actual part payment,* which the statute de-
mands.

*Dryden & Dryden,* for Defendant in Error.

*Money* is not necessary to be used in order to a partial payment such as to avoid the statute. The defendant got value from the plaintiff, and by the mutual agreement of the parties the thing to which the agreement related was indorsed *as a payment* on the note.

EWING, Judge, delivered the opinion of the court.

This suit originated before a Justice of the Peace and was founded on a note executed by the defendant to plaintiff, where there was a judgment for plaintiff, from which an appeal was taken to the Circuit Court, and a judgment being again rendered for plaintiff, defendant brings the cause to this court by writ of error.

The defense to the action was the plea of the statute of limitations. The note sued on was dated January 1, 1858, due one day after date, and summons was issued February 27, 1869. On the note appears a credit as follows, "by amount paid on barrel of flour, $6, March 20, 1859." The evidence tended to prove that after the note was executed, to-wit, in the year 1859, plaintiff sold to defendant divers articles of merchandise, including sundry barrels of flour, and that the defendant executed another note for the amount, being $53; that afterwards it was "ascertained and agreed between plaintiff and defendant, that the amount of said note was $6 in excess of the sum due; that said mistake grew out of the fact that defendant was charged by plaintiff with one barrel of flour for which she should not have been charged, and the value thereof was embraced in said note; that afterwards, to-wit: n 1860, it having been ascertained and agreed between plaintiff and defendant, that said note for $53 was for $6 more than it should have been, plaintiff proposed to defendant that the said excess of $6, should be credited on the note sued on in this cause, and that defendant consented thereto, and that such credit was according to such agreement indorsed on the note sued on by the plaintiff.

The court instructed the jury at the instance of plaintiff to the effect, first, that if the defendant at any time, within ten

years prior to the institution of this suit, paid to the plaintiff any portion of the note sued on, on account thereof, the verdict on the issue would be for the plaintiff, and,

Second, that if the plaintiff was indebted to the defendant, and within ten years before this suit was brought, it was agreed between plaintiff and defendant that the indebtedness of defendant should be discharged by making it a payment and credit on the note sued on, and that plaintiff did within the time aforesaid, make the discharge and accept it as payment and give it as a credit on the note sued on, then the verdict ought to be for plaintiff.

This is not a case where the mere indorsement of a credit on the note is relied on to take the case out of the operation of the statute. Such an indorsement of partial payment made by the holder of the note, without the privity of the maker, is not of itself sufficient evidence of payment to repel a defense created by the statute of limitations. (Rosebaum vs. Billington, 17 Johns, 182; 4 Pick., 110.) But no such theory was presented by the instructions given at the instance of plaintiff. On the contrary, the jury were told that no effect could be given to a mere indorsement of a credit on the note unless it was the result of an agreement between the parties, that it was to be a discharge to that extent of the debt due the plaintiff from the defendant, and accepted as such by the plaintiff. There was evidence tendered to prove these facts, and the question whether there was such an agreement or not respecting the credit, was properly submitted to the jury.

Judgment affirmed. The other Judges concur.