GODDARD, *Plaintiff in Error*, v. WILLIAMSON'S ADMINISTRA-
TOR.

| 72 | 131 |
| 31a | 188 |
| 72 | 131 |
| 39a | 305 |
| 72 | 131 |
| 51a | 523 |
| 72 | 131 |
| 75a | 291 |
| 72 | 131 |
| 78a | 350 |
| 79a | 256 |
| 72 | 131 |
| 84a | 303 |
| 72 | 131 |
| 87a | 104 |
| 72 | 131 |
| 163 | 386 |
| 88a | 586 |

1. **Amendment.** On the trial in the circuit court of a case appealed from the probate court plaintiff asked, but the court refused, leave to file an amended statement of his cause of action. The proposed amendment did not change the cause of action, but simply consisted of credits, whereby plaintiff's demand would be reduced, but the plea of the statute of limitations would be avoided. The application was accompanied by plaintiff's affidavit showing why he had failed to give these credits before. *Held*, that the application should have been granted. Amendments are favored in furtherance of justice.

2. **Statute of Limitations, Proof of Credits Avoiding.** When the statute of limitations is relied on as a defense to a note the plaintiff should not be permitted to read in evidence credits indorsed on the note, without first proving when the indorsements were made. When it is shown that they were made at a time when it was against his interest to make them, or that they were made by or with the consent of the payor, they will be admissible, but not if they were made by the holder himself without the knowledge or consent of the payor, and there is no other proof that the payments were then made.

3. **Witness: ONE PARTY TO A CONTRACT DEAD.** When the maker of a note is dead, the payee is not a competent witness, on his own behalf, to prove payments made by the deceased.

4. **Evidence.** In an action to establish a claim consisting of many items, against the estate of a deceased person, evidence was offered in chief, to show that he was a man of careless business habits, slow to pay and loth to settle. *Held*, that it was properly excluded.

*Error to Cole Circuit Court.*—HON. G. W. MILLER, Judge.

REVERSED.

*A. W. Anthony* for plaintiff in error.

*Draffin & Williams* for defendant in error.

HENRY, J.—This suit originated in the probate court of Morgan county, August 3rd, 1877, as a claim against the estate of the intestate presented by Goddard. The account was for taxes paid by plaintiff for the deceased at

his request in said county, for the years 1856 to 1859, inclusive, with interest, balance due on two notes, amount paid for Williamson to J. P. Ross, and amount of county warrants belonging to plaintiff, which were converted by deceased to his own use, aggregating $1,966.58, with credits to the amount of $14.95, the balance of which, $1,951,63, was claimed against the estate. The plaintiff had judgment in the probate court for $837, being the balance due on the two notes, dated respectively, May 21st, 1858, and August 23rd, 1859, payable one day after date, the latter for $150, the other for $200, each bearing ten per cent interest from date, with credits upon the larger note as follows: $20 July 4th, 1865, $35 May 27th, 1869, and on the smaller, $100 October 12th, 1872. Plaintiff appealed from the judgment of the probate court to the circuit court of Morgan county, from which a change of venue was taken to the circuit court of Cole county, and on a trial of the cause, in consequence of adverse rulings of the court, plaintiff took a non-suit with leave, etc., and has duly prosecuted an appeal to this court.

On the trial, plaintiff asked leave to file an amended statement of his cause of action, which was refused, and 1. AMENDMENT. of this he complains. The proposed amendment did not change the cause of action, but simply consisted of additional credits given to the estate which reduced the demand from $1,951.65 to $1,695. The additional credits tended to show mutual dealings and accounts between the parties, running through all the years from 1861 to 1874, inclusive, and if established, would have avoided the plea of the statute of limitations. The application to file an amended statement, was accompanied by plaintiff's affidavit to the effect that after filing his original account and affidavit he had examined the books of said decedent kept by him in his life-time in the matter of account between plaintiff and deceased, extending continuously from the year 1857 to 1874, inclusive, showing that the estate was entitled to various credits which plaintiff had

omitted to place upon the original account, by reason of not having had access to said books. The proposed amended statement was of the same cause of action tried before the probate court. It was not a change of the cause of action but only additional credits given to which the estate was entitled. Amendments are favored in furtherance of justice, and the court erred in its refusal to allow plaintiff to file the amended statement. *Brashears v. Strock*, 46 Mo. 221; *House v. Duncan*, 50 Mo. 453.

The action of the circuit court in refusing to permit the plaintiff to read as evidence the notes and credits thereon, without first proving when such credits were entered on the note was proper.

3. STATUTE OF LIM-
ITATIONS, PROOF
OF CREDITS AVOID-
ING.

When plaintiff proves that the credit was made at a time when it was against his interest to make it, it is admissible. If made by or with the consent of the payor of the note, it is admissible; but a mere indorsement by the holder himself without the knowledge or consent of the payor, or other proof that the payment was then made, is not admissible if the note would be barred by the statute but for the credit indorsed; otherwise the holder of a note would have no difficulty in avoiding the bar of the statute. *Phillips v. Mahan*, 52 Mo. 197; *Roseboom v. Billington*, 17 John. 182.

Plaintiff offered himself as a witness to prove that the entries of credits on said notes were made by him at the time of the dates thereof respectively, and that the payments were made. The court refused to permit him to testify, and this is assigned for error. The statute expressly provides "that in actions where one of the original parties to a contract or cause of action in issue and on trial is dead, etc., the other party shall not be admitted to testify in his own favor," and, therefore, there was no error in the action of the court in rejecting the plaintiff as a witness to prove those facts.

3. WITNESS: one
party to a contract
dead.

Nor did the court err in refusing plaintiff leave to show as original evidence, that the deceased was a man of

4. EVIDENCE.          careless business habits; slow to pay and loth to settle.    There might be a state of facts under which such evidence would be admissible in rebuttal, but it is difficult to conceive of a case in which it could primarily be legitimate.    For the error committed in refusing plaintiff's application to file his amended statement, the judgment is reversed, and the cause remanded.    All concur, except SHERWOOD, C. J., who dissents.