BERTHA LOEWER, Administratrix, Respondent, **v.** ADOLPH HAUG, Appellant.

Kansas City Court of Appeals, January 4, 1886.

1. ACTION—DEFENCE OF BAR BY LIMITATION—PROOF OF CREDITS AVOIDING.—When the statute of limitations is relied on as a defence

20a 163
31a 183
20 163
39 305
20 163
51 523
20 163
84 303
20 163
87 104
88 586

to a note, the plaintiff should not be permitted to read in evidence credits indorsed on the note, without first proving when the indorsements were made. When it is shown that they were made at a time when it was against his interest to make them, or that they were made by or with the consent of the payer, they will be admissible, but not if they were made by the holder himself, without the knowledge or consent of the payer, and there is no other proof that the payments were then made. Following *Goddard v. Williamson's Adm'r*, 72 Mo. 131.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Reversed and remanded.*

The facts sufficiently appear in the opinion.

JAMES W. BOYD, for the appellant.

I. This was a suit upon a promissory note, dated April 4, 1869, due six months after date. The petition was filed June 15, 1883. The answer sets out that the claim is barred by the statute of limitations. Judgment was rendered for plaintiff. Defendant claims a reversal of it, upon the grounds hereafter stated.

II. The court erred in admitting the note and indorsements in evidence, the note being barred, as shown by its face ; and there being no evidence showing when the indorsements were made. [The indorsements were credits of payments from April 20, 1870, to April 4, 1874, with other dates intervening]. This ruling is clearly erroneous. *Goddard v. Williamson's Adm'r*, 72 Mo. 131 ; *Phillips v. Mahan*, 52 Mo. 197. The indorsements, even if admissible, do not show *when* the pretended payments were made. Only one indorsement is dated (that made April 21, 1871), and the others are indorsements of payment of interest up to a named date. But they do not show when the *payments* were made.

III. The court erred in refusing an instruction in the nature of a demurrer to the evidence. No evidence was introduced showing *when* the payments were made, hence the claim was clearly barred.

IV. The verbal promise of defendant to pay the

note is not sufficient to take the case out of the statute. Rev. Stat., sect. 3248.

CROSBY, RUSK & CRAIG, for the respondent.

I. The indorsements were properly admitted in evidence. *Risley v. Wightman*, 13 Hun. (N. Y.) 163; *Coffin v. Buckman*, 12 Maine 471; 1 Greenleaf on Evidence (13 Ed.) sect. 121, p. 153.

II. The appearance and order of the indorsements, and the fact that defendant had looked at the note, without objecting to it, or questioning the indorsements thereon, were sufficient to take the case out of the bar of the statute.

ELLISON, J.—The judgment in this cause must be reversed under the rule as laid down in like cases. *Goddard v. Williamson*, 72 Mo. 131; *Philips v. Mahan*, 52 Mo. 197; *Roseboom v. Billington*, 17 Johns. 182.

The cases from the supreme court of this state would be followed, even though the authorities cited for respondent were considered in point.

The case of *Coffin v. Buckman* (12 Maine 471), though cited by respondent, is against him. The evidence there was not the indorsement alone, as in this case, but also, that the holder of the note had died before the note had become barred, and the indorsement being in his handwriting, and bearing date anterior to the period of limitation, must have been made before the note was barred. This was a clear showing that the credit was entered when it was against the interest of the holder, and thereby became evidence competent to submit to the jury.

In the case at bar, there was nothing to show that the indorsements on the note were not made voluntarily by the holder after the period of limitation had expired, at which period, instead of being against his interest, it would have been to his advantage and profit to make the indorsement, as it would thereby give him a cause of action, otherwise barred.

The judgment is reversed and the cause is remanded. All concur.