JANE E. SMITH, Respondent, v. EUGENE C. ZIMMERMAN, Appellant.

Kansas City Court of Appeals, December 5, 1892.

1. **Practice, Appellate:** SAVING EXCEPTIONS IN MOTION FOR NEW TRIAL. Though exceptions be saved at the time to the admission of evidence the appellate court cannot consider them, unless they are further saved in the motion for a new trial.

2. ———: REVIEW OF LAW AND NOT OF FACTS. The appellate court has only power to review the law, and must assume the facts to be as found by the trial court.

3. **Limitations:** CREDITS: PRESUMPTION AS TO ENTRY OF. A credit entered by the payee on a promissory note within ten years from its execution raises the presumption that actual payment was made at that time; and if made within ten years before bringing suit on such note is sufficient evidence to take the note out of the operation of the statute of limitation.

*Appeal from the Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

AFFIRMED.

*Eugene C. Zimmerman,* for appellant.

(1)   The note was barred by the statute of limitation over eleven years, when suit was brought on the third day of July, 1884.   Respondent sought to avoid the effect of the statute by proving that the sum of $50 had been paid upon the note by appellant on the fourth day of July, 1874.   The indorsement by which this is sought to be effected is in pencil, and is as follows: ''July 4, by cash $50.''   The year of the pretended payment is not mentioned.   Respondent, over the objection of appellant, attempted to prove by the deposition of one Conrad that while in the employ of O. M. Smith he gave appellant, E. C. Zimmerman, credit in a book on the fourth of July, 1874, for $50.   The respondent desired the court to draw the inference from this evidence that the $50 so credited was the $50 indorsed upon the note, to which no year was given.   The book itself containing this credit would not be admissible in evidence.   *Weadley v. Toney,* 24 Mo. App. 304; *Milling Co. v. Walsh,* 37 Mo. App. 567; *Anderson v. Votmeyer,* 83 Mo. 404; *Cozens v. Barrett,* 23 Mo. 545; *Blacksmith v. Wrecking Co.,* 19 Mo. App. 162.   Entries from the private books of the opposite party are inadmissible if objected to, unless it be shown that the objecting party had made them, authorized their making or assented to their correctness.   Angell on Limitations, pp. 263, 306.   Book entries are not evidence in favor of the party making them, and the party's death does not change the rule.   *Hensgen v. Mullaly,* 23 Mo. App. 613; *Hensgen v. Donnelly,* 24 Mo. App. 398; *Cozens v. Barrett,* 23 Mo. 544; *Robertson v. Reed,* 38 Mo. App. 32.   (2)   In some of the states it is held that an indorsement made upon the back of a note, when it was against the interest of the holder of the note to have made it, is *prima facie*

evidence of the fact that the money was paid at the time it purports to have been paid, but it devolves upon the holder of the note to prove that it was made at the time it purports to have been made. The indorsement itself to be admissible, and to come within this rule, must be dated and perfect in every other respect. You cannot bolster up and make an indorsement which is imperfect in itself evidence by the introduction of other evidence. As an indorsement raising this *prima facie* presumption, it must be dated; otherwise it could not and would not raise the presumption that it was made at the time it purports to have been made; without a date it does not purport to be made at any time. If the indorsement does not purport to be made contemporaneously with the receipt of the money it is inadmissible as part of the *"res gestæ."* 1 Greenleaf [9 Ed.] pp. 182, 183; 8 Metc. 352; 72 Mo. 131; 52 Mo. 197; 24 Miss. 92, 391.

*Vories & Vories,* for respondent.

(1) The presumption is that the credit indorsements were made in the order as they appear on the note. The last preceding indorsement having been made in February, 1874, the indorsement in question could not have been made at an earlier date than July, 1874, and, therefore, would have taken the note out of the statute without the aid of the books introduced in evidence. The books were not necessary evidence, but corroborated and made certain the presumption already existing. *Grelle v. Loxen,* 7 Mo. App. 97; 2 Randolph on Commercial Paper, sec. 781; *Connelly v. Bourg,* 16 La. Ann. 108. (2) An indorsement made at a time when it is against the interest of the holder making it, is sufficient evidence of payment at that time, and will take it out of the operation of the statute. Randolph

on Commercial Paper, sec. 1624; *Carter v. Carter,* 44
Mo. 195; *Goddard v. Williamson,* 72 Mo. 131; *Loewer
v. Haug,* 20 Mo. App. 164.   (3)   It having been shown
by evidence the books of respondent were accurately
kept, and that therein were entered a record of all
daily transactions and payments on notes, etc., made
that day from slips furnished by Smith, the books were
properly admissible in evidence, to show the exact date
of payment, and especially is this true when the entry
is against the interest of the party making it.   *Smith
v. Beattie,* 57 Mo. 281; *Mathias v. O'Neill,* 94 Mo. 521;
*Weadley v. Toney,* 24 Mo. App. 304; 1 Greenleaf on
Evidence [14 Ed.] secs. 116, 120, 121.

SMITH, P. J.—This was a suit commenced on July
3, 1884, on a promissory note dated February 24, 1873,
due thirty days after date, for the sum of $507, with
a number of credits thereon indorsed, the last of
which was for $50, date July 4, 1874.   The defense
was the statute of limitations.   The plaintiff had
judgment, and the defendant appeals.

The defendant insists that the trial court erred in
the admission of certain evidence, but upon examina-
tion of the motion for the new trial this error is not
made one of the grounds therefor, so that we cannot
review the action of the court in that respect.   Although
the exception to the evidence was saved, it was not
reviewed in the motion for a new trial, and must,
therefore, be deemed a waiver.   *Kinion v. Railroad,* 39
Mo. App. 574; *Bevin v. Powell,* 11 Mo. App. 216, and
cases there cited.

The cause was submitted to the court sitting as a
jury.   The facts were passed upon by the circuit court,
and they are, therefore, incontrovertible here.   This
court has only the power to review the law declared by
that court, and as it was intrusted with both facts and

law we must assume the facts to be as that court found them to be. *Swayze v. Bride*, 34 Mo. App. 414; *Gains v. Fender*, 82 Mo. 509; *Hamilton v. Boggess*, 63 Mo. 233.

The court at the instance of the plaintiff declared the law of the case to be that even though the note on its face is barred by the statute of limitations, yet the evidence shows that a credit indorsement was made on said note by O. M. Smith, the payee, at a time less than ten years after the execution of said note, and less than ten years before the bringing of this suit; the credit indorsement having been made at a time when it was against the interest of the payee to make it, the presumption is that actual payment was made at that time, and this is sufficient evidence to take the note out of the operation of the statute. The rule of law announced by this instruction is unexceptionably correct. *Loewer v. Haug*, 20 Mo. App. 163; *Goddard v. Williamson*, 72 Mo. 131; *Carter v. Carter*, 44 Mo. 195.

No error is perceived in the action of the court in the refusing of defendant's instructions.

The judgment seems to be for the right party, and must be affirmed. All concur.