J. H. GARDNER et al., Executors, Etc., Respondents, v.
JOSEPH EARLY et al., Appellants.

**St. Louis Court of Appeals, January 24, 1899.**

1. **Promissory Note:** STATUTE OF LIMITATIONS: PAYMENTS. Where
an indorsement of payment on a promissory note, made before the
bar of the statute attaches, is relied upon to rescue the note from the
bar of the statute of limitations, it must be shown that the payment
was made at the time it purports to have been or that it was made by
or with the consent of the payor.

2. ———: ———: ———: INSTRUCTION. The court instructed that
the burden was on plaintiffs to show that the credits were indorsed
on the note before it was barred and to show that such payments
were made by the defendants or one of them. Held, that the proof
of either one or the other of these facts was sufficient to take the
case out of the bar of the statute.

*Appeal from the Montgomery Circuit Court.*—HON.
ELLIOTT M. HUGHES, Judge.

AFFIRMED.

W. B. M. COOK and JOHNSON & DRUNERT for re-
spondents.

The evidence was amply sufficient to sustain the finding
of the court. The note sued on was not barred by the stat-
ute of limitations upon its face. Besides, the evidence, oral
and written, was overwhelmingly against this theory. Car-
ter's Adm'r v. Carter, 44 Mo. 195. The declarations of
law given for defendant were exceedingly favorable to his

defense. In fact, too much so. The court undoubtedly transcended the rule in declaration number 8 given for defendant, in placing the burden on plaintiffs to show that the note was not barred by the statute. Carter's Adm'r v. Carter, 44 Mo. 195; 1 Greenlf., Ev., sec. 122. The defendants refused instructions were not the law applicable to the facts in this case, and the court committed no error in refusing them. The payments on the note, the testimony of Mr. Cook, Mr. Shelton and the Messrs. Dyke was overwhelmingly against the theory presented in them. When a cause is submitted to the trial court sitting as a jury and the facts are passed upon by the trial court, all doubts as to the facts will be resolved in favor of the finding by the appellate court. Gaines v. Fender, 82 Mo. 509; Hamilton v. Bogges, 63 Mo. 233. Credits indorsed on a note before the statute begins to run are *prima facie* evidence , and the burden of showing that such payments were not made, or improperly entered on the note rests on the defendant. In the absence of evidence to the contrary, it is presumed that an indorsement of payment on a note was made at the time it purports to bear date, and the burden of proving the date to be false lies with the other party. Carter's Adm'r v. Carter, 44 Mo. 195; Haver v. Schwyhart, 48 Mo. App. 50; Smith v. Zimmerman, 51 Mo. App. 519; 1 Greenlf., Ev., sec. 122. * * * The burden of showing that there was not such a payment, was upon the defendants. Haver v. Schwyhart, 48 Mo. App. 50; affirming s. c., in 30 Mo. App. 303; Carter's Adm'r, *supra*. When the debtor has put it into the power of another, even the creditor himself, to make the application of payment on the note, the creditor may become his agent for that purpose, and if it is done, such application will take the debt out of the operation of the statute of limitations. Bank v. Schneidermeyer, 62 Mo. App. 179; ·Bender v. Markle, *supra;* Beck v. Haas, *supra*. Proof of actual payment on a note is sufficient to except it from the bar of the

statute of limitations. It is not necessary to show that the credit was indorsed on the note. Henry v. Deviney, 101 Mo. 378.

CLAUDE B. BALL for appellants.

The court erred in permitting the plaintiff to read in evidence the indorsements made on the note without first requiring the plaintiff to prove when such credits were entered on such note, and that such payments were actually made. This the plaintiff failed to do, and the finding should have been for defendants, as plaintiffs' action was clearly barred. Goddard v. Williamson, 72 Mo. 378; Philip v. Mahan, 52 Mo. 197; Haver v. Schwyhart, 39 Mo. App. 303; Loeffell v. Hoss, 11 Mo. App. 133; Beck v. Haas, 31 Mo. App. 183; Lower v. Haug, 20 Mo. App. 163. "Part payment will take a demand out of the statute of limitations; but the mere indorsement of a credit on a note without the privity of the maker is not evidence of part payment for this purpose." There is no evidence to show whether any interest was ever paid on the note, as shown by the indorsement. Beck v. Haas, 31 Mo. App. 183. The only credit which the plaintiff relies on to take the note out of the statute of limitations is this: "February, 1890, Cr. by sawing," and being unexplained stands for nothing. There is no evidence showing any agreement between Gardner and Early that the charges for sawing done by Early for Gardner, should be credited on the note. And without such agreement has been shown, the plaintiff must fail in this action. Indorsement of credit on note in handwriting of deceased payee alone, is not proper to go to jury. Shaffer v. Shaffer, 41 Pa. St. 51; Porter v. Blood, 5 Peck, 54. Plaintiff must prove affirmatively that the payment was made by defendants, and intended as such before the running of the statute of limitations. Knight v. Dements, 45 Ala. 89; Kyger v. Ryley, 2 Neb. 20.

BLAND, P. J.—This suit is on the following promissory note:

"$400.00.                                    August 31st, 1893.

"Twelve months after date we promise to pay to the order of John Gardner Four Hundred Dollars, for value received, negotiable, and payable without defalcation or discount, and with interest from date at the rate of eight per cent per annum, and if the interest be not paid annually to become as principal and bear the same rate of interest.

"No......... Due August 31st, 1884.

"Early & Young,
"Mahlon Rohrer."

On the back of the note are the following indorsements:

"Feb. 26, 1885.

"One year's interest paid on note.

"Feb., 1890, Cr. for sawing."

The petition averred the following payments, which were not indorsed on the note, to wit: November 1, 1894, Thos. Dyke's account, $8.70; February, 1895, J. M. Dyke's account, $5.63; February, 1895, Charles Shelton's account, $4.22.

The answer was a general denial and a plea of the ten year statute of limitations. Trial was had by the court, resulting in a judgment for plaintiffs, from which defendants appealed.

Evidence was introduced tending to prove that the indorsement of February, 1890, "Cr. for sawing" was made with the knowledge and consent of Early, the principal debtor, and that the accounts of Thomas and J. M. Dyke, and the one of Charles Shelton, were due to Early on account of sawing done by him for Shelton and Dykes; that by an arrangement between them and Gardner, the payee of the note, these several accounts were to be credited on the note; that Early on being informed of the arrangement assented to it, and never thereafter presented nor demanded payment of

either of the accounts. None of this testimony was contradicted, except by an inferential contradiction shown by Early's book of account, in which he had credited Gardner by cash for the sawing done for him prior to and in February, 1890. On the hearing the court ruled that the burden was on the plaintiffs to prove payments to take the case out of the bar of the statute, and permitted the indorsements to be read, with the understanding that they would be excluded, unless proven to have been made at the time they purport to have been made. Under the decisions in this State this ruling was correct, for it is well settled here that where an indorsement of payment on a promissory note made before the bar of the statute attaches, is relied on to rescue the note from the bar of the statute of limitations, it must be shown that the payment was made at the time it purports to have been, or that it was made by or with the consent of the payor. Goddard v. Williamson's Adm'r, 72 Mo. 133; Philip v. Mahan, 52 Mo. 197; Haver v. Schwyhart, 39 Mo. App. 303; same case on second appeal, 48 Mo. App. 50; Smith v. Zimmerman, 51 Mo. App. 519. The case of Carter, Adm'r, v. Carter, 44 Mo. 195, adhering to the rule announced in Greenleaf on Evidence, section 22, that "wherever an indorsement is shown to have been made at the time it *bears date, which will be inferred from its face,* in the absence of opposing circumstances, the presumption naturally arising is that the money mentioned in it was paid at that time," has not been followed by any subsequent case in this State, and is no longer controlling authority on us. The appellant's assignment of errors and the record do not agree. He complains that the court overruled his objections to the admission of the indorsements in evidence. The court, according to the bill of exceptions, sustained his objection, by admitting the indorsements, with the understanding that they would be excluded unless proven; the proof was made, and the indorsements were not excluded. The court instructed that the

burden was on plaintiffs to show that Gardner indorsed the credits on the note before it was barred and to show that such payments were made by the defendants or one of them. This instruction was more favorable to defendants than the law warrants. It is not necessary to prove both that the indorsements were made when they purport to have been made, and that the payments evidenced by the indorsements were actually made by the defendants or one of them; the proof of either one or the other of these facts was sufficient to take the cause out of the bar of the statute. The other instructions given were favorable and liberal to the defense; those refused were in the nature of commentaries on the evidence. Every latitude and presumption that could be legally and fairly given or indulged was awarded the defense throughout the conduct of the trial, and yet the court found for plaintiffs. Under the law and evidence, it could not have done otherwise, and we affirm the judgment. All concur.