CYRUS McELVAIN et al., Adm'rs, Defendants in Error,
v. WILLIAM A. GARRETT, Plaintiff in Error.

Kansas City Court of Appeals, April 30, 1900.

1. **Bills and Notes: LIMITATIONS: CREDIT ENTRIES: PRE-
SUMPTION.** The entry of a credit upon a note is presumed to
have been made at the time designated in the indorsement; but
such entry to take the case out of the statute of limitations must
appear to have been made at a time when it was against the holders
interest to make it, or that it was made with the consent of the
payer.

2. **———: ———: ———: INSTRUCTIONS.** An instruction that
if the entry of credit was made less than ten years after the date
of the note then actual payment was presumed at that time, is
sufficient without further devolving upon the plaintiff to show that
the entry was made on the day designated, and in good faith and
pursuant to an actual payment.

3. **Interest: INSTRUCTION: REMITTITUR: PRACTICE.** Though
an instruction followed by the jury is wrong in its method of com-
puting interest, yet where the plaintiff enters a sufficient *remittitur*
the error is harmless.

4. **Witnesses: COMPETENCY OF PAYER OF NOTE: CONTRACT:
CREDIT ENTRY: ANSWER.** In an action by an administrator on
a note the answer pleading the statute of limitations averred the
defendant's ignorance of a credit entry which took the instrument
out of the statute. The entry in question had been made at the
decedent's request by a witness who testified thereto, but knew
nothing of the transaction out of which the credit grew. Held:
The maker was an incompetent witness.

Appeal from the Gentry Circuit Court.—*Hon. C. A. Anthony,*
Judge.

AFFIRMED.

*T. M. Humphrey, C. H. S. Goodman* and *Patton & For-
bis* for plaintiff in error.

(1) Plaintiff in error earnestly contends that under
the circumstances disclosed by the evidence of plaintiffs on

the trial of the cause, he was a competent witness in his own behalf, that he is fully under the exception set forth in section 8918, R. S. 1889.   Miller v. Wilson, 126 Mo. 48; Orr v. Rode, 101 Mo. 387; Bank v. Payne, 111 Mo. 298; Williams v. Edwards, 94 Mo. 447; Stanton v. Ryan, 41 Mo. 510; Roeder v. Shryock, 61 Mo. App. 485; Brim v. Fleming, 135 Mo. 597; Coughlin v. Haeussler, 50 Mo. 126. (2)   We contend that all the instructions given by the court at the instance of respondent were erroneous.   3 Randolph on Com. Paper, secs. 1624, 1625; Snyder v. Wisser, 44 Mich. 140; Goddard v. Williamson, Adm'r, 72 Mo. 131; Smith v. Zimmerman, 51 Mo. App. 519.   (3)   The instruction as to the burden of proof prayed for by defendant should have been given, as it was a correct statement of the rule which should govern the jury in their deliberations. Gay v. Tielkemeyer, 64 Mo. App. 112; Gregory v. Chambers, 78 Mo. 298; Schroeder v. Railroad, 108 Mo. 322; Wolff v. Campbell, 110 Mo. 114; Cleveland v. Ross, 135 Mo. 101; Patterson v. Railroad, 47 Mo. App. 570.

*Peery & Lyons* and *J. L. McCullough* for defendants in error.

(1)   No error occurred in the exclusion of defendant as a witness in his own behalf.   It was not pretended that he was offered to prove anything occurring since the appointment of the administrators.   Hence he was wholly incompetent.   R. S. 1899, sec. 4652; (R. S. 1889, sec. 8918); Bagnell v. Bank, 76 Mo. App. 121; Jones v. Burden, 56 Mo. App. 199.   (2)   Plaintiff's instruction number 1 is not erroneous.   Carter v. Carter, 44 Mo. 195; Goddard v. Williamson, 72 Mo. 133; Loewer v. Haug, 20 Mo. App. 163; Smith v. Zimmerman, 51 Mo. App. 519; Gardner v. Early, 78 Mo. App. 346.   (3)   The ambiguity in plaintiff's instructions numbers 2 and 3, as to the computation of interest,

was cured by the remittitur entered by plaintiff in the trial court before the motion for new trial was passed upon. Such remittitur may be made even in the appellate court. State to use v. Heckart, 62 Mo. App. 427; Farrell v. Ins. Co., 66 Mo. App. 167; Pierce v. Lowder, 54 Mo. App. 25; Priest v. Deaver, 22 Mo. App. 284; Slattery v. Bates, 8 Mo. App. 595; Glover v. Henderson, 120 Mo. 367; Warder v. Henry, 117 Mo. 546; R. S. 1899, secs. 865, 866; (R. S. 1889, secs. 2303, 2304).

SMITH, P. J.—The plaintiffs are the administrators of the estate of Andrew M. McElvain. On February 4, 1884, the defendant executed a note to the intestate for $400 payable one year after date with interest at the rate of ten per cent from date, to be compounded annually. It stands admitted that on September 29, 1884, the defendant paid $50 on said note, as appears from the credit thereon indorsed. There was a credit of $4.63 thereon indorsed dated September 27, 1892. This suit was brought on said note on July 30, 1898.

The answer alleged that if there purported to be a credit on said note as of said September 27, 1892, it was made without defendant's knowledge or consent. It also pleaded as a defense the ten years' statute of limitations.

There was a trial and judgment for plaintiffs, and defendant appealed.

Mr. Miller, a retired lawyer, testified for plaintiffs that at the request of the decedent he indorsed the second credit on said note at the date therein specified, and the question now is, what effect shall be given to that indorsement if made at the time it purports to have been? The indorsement having been made by Mr. Miller at the request of the intestate was not different than if it had been made in the latter's own handwriting. When the indorsement was made the intestate still had seventeen months in which to bring his action

before the expiration of the ten years' period of limitation. The intestate was therefore under no temptation to make it for the sake of evidence, for the statute would not be pleadable in law during that time. It will not be presumed that he would enter a false credit on the note while it was alive in order to prolong its life when he could just as well begin his action. It has been held that in general, indorsements made upon promissory notes are presumed to have been made at the time such indorsements bear date. Horton v. Bayne, 52 Mo. 531; Smith v. Ferry, 69 Mo. 142.

When an indorsement of a credit on a note is relied on to take the case out of the operation of the statute of limitations, the plaintiff must, to establish a *prima facie* case, prove either that the credit was indorsed on such note at a time when it was against his interest to make it, or, that it was made with the consent of the payor; but a mere indorsement by the holder himself without the knowledge or consent of the payor, or other proof that the payment was then made, is insufficient if the note would be barred by the statute but for the credit. It must be conceded that the adjudged cases in this state relating to the rule just stated are by no means harmonious. Loewer v. Haug, 20 Mo. App. 163; Haver v. Schwyhart, 39 Mo. App. 303; s. c., 48 Mo. App. 50; Smith v. Zimmerman, 51 Mo. App. 519; Goddard v. Williamson, 72 Mo. 133; Phillips v. Mahan, 52 Mo. 197; Erhart v. Dietrich, 118 Mo. 419; Carter v. Carter, 44 Mo. 195.

It therefore inevitably follows that the court committed no error in giving the plaintiff's first instruction which, in effect, told the jury that if it believed from the evidence that the intestate, less than ten years after the date of said note, and less than two years before the commencement of this action, caused to be indorsed thereon a credit for $4.63 then the presumption was, that an actual payment of that amount was made at that time; nor in refusing the defendant's in-

McElvain v. Garrett.

struction which declared that it devolved on the plaintiff to show by a preponderance of the evidence that the said credit was actually indorsed on said note on said day by the intestate, or some one for him by his direction, and that such credit was made in good faith and pursuant to an actual payment made by defendant, and unless it so found the verdict should be for the defendant on his plea of the statute of limitations. It is thus seen that the defendant's refused instruction imposed upon plaintiffs a more extensive burden than the law required. It was enough to entitle the plaintiffs to recover if they proved that the intestate indorsed or caused to be indorsed a credit on said note at a time when it was against his interest to do so. They were not required to also prove that the indorsement was made in pursuance of an actual payment.

The defendant further complains that the plaintiffs' second and third instructions, declaring the rule by which the jury were to be governed in the computation of interest, are at variance with Riney v. Hill, 14 Mo. 500, and State v. Donegan, 94 Mo. 70, and are therefore erroneous. Conceding this point to defendant, yet, as the plaintiffs, after verdict, entered a remittitur for the excess, so as to reduce the verdict and judgment to the proper amount under the rule laid down in the cases just cited, no harm has resulted to the defendant on that account.

At the conclusion of the plaintiffs' evidence the defendant was sworn as a witness in his own behalf and was asked by his attorneys to tell the jury what he knew about the indorsement on the note. The plaintiffs objected to the defendant's answering the question for the reason that he was incompetent to testify with respect to the matter therein referred to, since the other party was dead. The statute provides that "in actions where one of the original parties to the contract or cause of action in issue and on trial is dead * * * the other party to such contract or cause of ac-

McElvain v. Garrett.

tion shall be admitted to testify in his own favor * * * and where an executor or administrator is a party, the other party should not be admitted to testify in his own favor unless the contract in issue was originally made with a person who is living and competent to testify." R. S. 1889, sec. 8918.

The entering the credit on the note by Miller under the directions of the intestate was not a transaction with the defendant in any sense. If the transaction had been one between Miller, agent for the intestate, and the defendant, as it was not, then the death of the intestate would not render the defendant incompetent to testify as to such transaction, since Miller was still living and competent to testify under the statute. The defendant in his answer alleged that if said credit was entered on said note it was done without his knowledge. Miller's agency for the intestate was limited to entering the credit on the note, and as the defendant had no knowledge of that he was wholly incompetent to testify in the case. If the purpose of the defendant was to testify as to any special matter to which he was competent he should have called the attention of the court thereto. And in his offer he should have brought himself within some exception to the statutory rule already quoted; but this he did not do. Bagnell v. Bank, 76 Mo. App. 121. We do not therefore think the court erred in rejecting the defendant's offer to testify generally in relation to the disputed credit.

The judgment will be affirmed. *Ellison, J.,* concurs; *Gill, J.,* not sitting.