CROW, Respondent, v. CROW et al., Appellants.

**St. Louis Court of Appeals, March 19, 1907.**

1. **PRACTICE: Verdict as to One of Two Defendants Only.** In an action against two defendants where the court gave a peremptory instruction to find for one defendant and submitted to the jury the issues as to the other and the jury rendered a verdict in favor of the other defendant only, no valid judgment could be rendered upon the verdict because it left the cause still pending as to one defendant.

2. ———: **New Trial: Appellate Practice.** Where the trial judge assigned as grounds for granting a new trial that injustice had been done and the verdict was against the evidence, his ruling was not reviewable on appeal unless there was no substantial evidence upon which to base the ruling.

3. **WITNESSES: One Party Dead.** In an action on a promissory note by the indorsee against one maker and the executor of the other maker who was deceased, the indorsee who stood in the place of the payee was incompetent to testify, not only as against the executor of the deceased maker, but as against the living maker.

4. **LIMITATIONS: Evidence: Indorsements of Payment.** The indorsement upon a note purporting to have been made before the bar of the Statute of Limitations is inadmissible in evidence in an action on the note, where it is relied upon to rescue the note from the bar, unless it be shown that payment was made at the time it purports to have been made or that it was made with the consent of the maker.

Appeal from Washington Circuit Court.—*Hon. Jos. J. Williams,* Judge.

AFFIRMED.

*Anthony & Eversole* and *E. M. Dearing* for appellants.

(1) The note sued upon in this case is barred, unless the credit on the said note of twelve dollars will save it from the action of the statute; but the entry of itself is not sufficient evidence that it was made at that time,

and there must be evidence *aliunde* showing the time
when the entry was in fact made.  Briscoe v. Huff, 75
Mo. App. 288.   (2)   The court permitted B. F. Crow,
respondent, to testify to the payment of the said twelve
dollars by R. M. Crow, who was dead at the time of the
institution of this suit, and the entry thereof on the said
note by B. F. Crow.  This was error; the said B. F. Crow
was not a competent witness either against the estate
of R. M. Crow, or John E. Crow, when it is shown, as in
this case, that the transaction, which is the saving fea-
ture of this case, was on the part of the survivor, effected
solely by or through the deceased party, the opposing
party is disqualified as a witness.   Williams v. Perkins,
83 Mo. 379; Butts v. Phelps, 79 Mo. 302; Goddard v.
Williams, 72 Mo. 131.   (3)   The main question to pre-
vent the running of the statute is the payment by the
payor, and unless there is such payment, voluntarily
with the knowledge and consent of the said payor, the
same will not affect the running of the statute.   Gard-
ner v. Early, 78 Mo. App. 346; Regan v. Williams, 185
Mo. 620.   (4)   The instructions of the court to find the
issues for the defendant estate of R. M. Crow, and the
verdict of the jury for the defendant Jno. E. Crow, were
sufficient to authorize a rendering of a decree and judg-
ment for both the defendants, and the mere oversight of
the jury in not rendering the formal verdict for defend-
ant estate is no irregularity, but was equivalent to sus-
taining a demurrer to the testimony.   Rosenbaum v.
Phoenix Battery, 101 Mo. App. 126; Blanke v. Dunner-
man, 67 Mo. App. 597; Lee v. David, 11 Mo. 114.

*Byrns & Bean, A. H. Harrison* and *A. L. Reeves* for
respondent.

(1)   In this case it was sufficient to prove that pay-
ment was actually made on the note sued on by the pay-
ors, or one of them, in order to take the case out of the
Statute of Limitations.   However, the evidence shows

both that a payment was actually made and that the credit was endorsed on the note at a time when it was against the interest of the holder to make it. Either was sufficient. McElvain v. Garrett, 84 Mo. App. 300; Gardner v. Early, 78 Mo. App. 346. (2) We submit that even though B. F. Crow had been incompetent as a witness under the provisions of section 4652, R. S. 1899 (which we do not admit), yet such incompetency was effectually waived by appellants in their cross-examination of the said B. F. Crow upon matters pertaining to the note sued on. Tierney v. Hannon, 81 Mo. App. 488; Hume v. Hopkins, 140 Mo. 65.

BLAND, P. J.—The action is upon the following promissory note:

"Twelve months after date, we or either of us, promise to pay Joseph Crow or order the sum of three hundred dollars for value received bearing interest from date until paid at ten per cent annum this the fourteenth day of May, 1888.

(Signed)      "JNO. E. CROW,<br>"R. M. CROW."

The following assignment and credit are indorsed on the back of the note:

"I sign the within note over to B. F. Crow.

(Signed)      "J. CROW.<br>"February 10, 1898.

"Paid on the within note by R. M. Crow, forty bu. oats at 30c per bu.                    $12.00."

The payee has been dead for a number of years. R. M. Crow, one of the makers is also dead, and the suit was brought against his executrix and the other maker of the note, John E. Crow. The petition was in the usual form. The answer pleaded the ten-year Statute of Limitations, alleged that the credit of twelve dollars entered upon the note was entered without the knowledge

or consent of the makers, or of either of them, and denied that the payment as indorsed was actually made. In respect to the assignment of the note, the answer stated that defendants had no knowledge thereof sufficient to form a belief, and demanded proof.

Plaintiff introduced competent evidence tending to show that the signature "J. Crow," to the assignment on the back of the note, was the genuine signature of Joseph Crow, the payee. Plaintiff offered himself as a witness in his own behalf. The trial judge ruled that he was not a competent witness to testify to any transaction he had with R. M. Crow, deceased, as to the defendant executrix, but was competent to testify against the other defendant, John E. Crow, and to testify that R. M. Crow let him have forty bushels of oats, at thirty cents per bushel, on February 10, 1898, and consented that the purchase price, twelve dollars, should be credited on the note, and that the credit was entered at the time. Defendants excepted to this ruling. For the purpose of showing his competency as a witness, plaintiff introduced evidence showing that prior to the commencement of the suit he presented the note to the probate court of Washington county as a demand against the estate of R. M. Crow; that the executrix resisted the demand and on a trial in that court her attorney waived the objection to the plaintiff's competency by cross-examining him as to the whole case. Plaintiff was defeated in the probate court and appealed to the Washington Circuit Court, where he took a nonsuit and afterwards commenced the present action. As to what transpired at the trial in the probate court, plaintiff testified that Judge Dearing, counsel for the executrix in that court, objected to his competency as a witness, on the ground that R. M. Crow was dead, and the probate judge overruled this objection. Judge Dearing testified that he objected to plaintiff testifying to any fact in the probate court, on the ground that he was incompetent for the

reason R. M. Crow was dead.   Mr. Reeves, counsel for plaintiff, gave the following version of what transpired in the probate court: "As I remember when I offered this witness an objection was made to his competency upon the ground that he was a party to a contract where the opposite party was deceased and I took the position that where there were two parties to the contract on the other side, that he  might testify, but in that the court overruled me, and then I offered this witness to testify as to the facts connected with the execution of the note and to identify the signature and to testify as to the date of the document, and as to whether or not it was made at the time indicated on the note, and as to whether or not he was the owner of the note, and as I remember it, the court sustained me in my position, and then in the cross-examination as I remember it, Mr. Dearing brought out all the facts in connection with the case."   In rebuttal Judge Dearing replied as follows: "I don't agree with the counsel altogether.   I objected to the introduction of this witness for all purposes, as he was incompetent under the statute, and asserted my objection very explicitly to the court and it overruled me, and Mr. Reeves examined him, as I remember, for a considerable length of time, and all about this payment, and I at the time objected to that specifically, and urged my objection the best I could."

The court peremptorily instructed the jury to find the issues for the defendant executrix and submitted the issues as to the other defendant on instructions.   The jury returned the following verdict:

"B. F. Crow  v. John E. Crow and Margaret E. Crow, Executrix of the Estate of R. M. Crow.

"We the jury find the issues in this case for the defendant John E. Crow.          HENRY A. HILL,
                                                      "Foreman."

On motion of plaintiff, the court set aside the verdict and granted a new trial, on the following grounds:

"The verdict is not supported by the testimony; because of the further fact, that in the opinion of the court an injustice has been done by the verdict, and because of the third fact that in the opinion of the court the verdict of the jury was the result of passion on the part of the jury, induced by impassioned and improper argument of counsel on the trial of the case, and the motion for a new trial is sustained as to all parties in this case."

Defendants appealed from the order granting a new trial.

1. Section 773 of the Code (R. S. 1899) provides that when there are several parties defendant in an action, one final judgment shall be given in the case. A final judgment disposing of the case as to both parties defendant could not have been entered on the verdict of the jury, and a judgment rendered on the verdict in favor of defendant John E. Crow would have left the cause pending against the executrix and would therefore have been irregular and erroneous, and subject to arrest on motion. [Ferguson v. Thacher, 79 Mo. 511; Spalding v. Bank, 78 Mo. App. 374; Miller v. Bryden, 34 Mo. App. 602; Eichelmann v. Weiss, 7 Mo. App. 87; Beshears v. Vandalia Banking Assn., 73 Mo. App. 293; Pittsburg Plate Glass Co. v. Peper, 96 Mo. App. 595, 70 S. W. 910.] The trial court should have declined to receive the verdict as rendered and required the jury to find a verdict as to both parties. After receiving the verdict and discharging the jury there was nothing left for the court to do but to set the verdict aside and grant a new trial. The grounds assigned by the trial judge for setting aside the verdict, to-wit, that injustice had been done, and that the verdict was against the evidence, are not reviewable on appeal, unless there was no substantial evidence upon which to base the ruling. [Ottomeyer v. Pritchett, 178 Mo. 160, Ib. 121, 77 S. W. 62.] The execution of the note was admitted. Evidence tending to show its assignment from the payee to plaintiff and also evi-

dence of the payment, which if made took the note out of the ten-year Statute of Limitations, was heard, therefore, it cannot be said that plaintiff offered no substantial evidence in support of his cause of action, hence the action of the trial court in granting a new trial should be sustained.

2. As the case must be remanded for retrial, and as the competency of plaintiff to testify in respect to the payment indorsed on the note was the chief point in controversy on the trial, we deem it expedient to express our views as to his competency to testify against defendant John E. Crow. The payment, if made, was made by R. M. Crow, now deceased, not in the presence, or with the knowledge, of defendant, John E. Crow. The answer denies the payment was ever made. The transaction of payment was had between a party now living and a party now dead. The statute (R. S. 1899, sec. 6452) which removes the common law disability of parties to civil actions to testify in their own behalf, provides "that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him." The section further provides that "where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will or appointment of the administrator." The learned trial judge held that plaintiff was an incompetent witness, under the latter proviso of the statute, to testify against defendant executrix but was a competent witness as to the living defendant, John E. Crow. Under the pleadings it was essential to plaintiff's right of recov-

ery that he satisfy the court and jury that R. M. Crow, on or about February 10, 1898, paid on the note forty bushels of oats at thirty cents per bushel, and that the indorsement of the payment was made at or about that time by his consent. This payment was the main and most hotly contested issue on the trial. If R. M. Crow were living, he would be a competent witness to deny that he made the payment or consented to its indorsement on the note. He being dead, can the other party (plaintiff) testify the payment was made by R. M. Crow and indorsed on the note by his consent or direction? If so, then the statute has failed of its purpose, to preserve fairness and equality in the trial of actions on contracts and agreements made by a living party with one who is dead at the time of the trial, by making the living party a competent witness to testify to facts which cannot be controverted for the reason the mouth of the other party to the transaction has been closed by death. In Goddard v. Williamson's Admr., 72 Mo. 131, it was held that where the maker of a note is dead, the payee is not a competent witness in his own behalf to prove payment made by the deceased. By the assignment of the note to him, plaintiff became the payee of the note, and his situation falls squarely within the above decision. Even where there are two or more adverse parties, if the contract in issue was made by one of them who has since died, the plaintiff is not a competent witness in his own behalf against the survivors. [Butts v. Phelps, 79 Mo. 302; Williams v. Perkins, 83 Mo. 379; Ashbrook v. Letcher, 41 Mo. App. l. c. 381.] Counsel for plaintiff insist that even though plaintiff was an incompetent witness as to the fact of the partial payment of the note, he was competent to testify to the mere physical fact that the indorsement was made at the time it purports to have been made. This is an ingenious distinction which fails to distinguish. If he was competent to prove the physical fact, that the indorsement was made at the time

it purports to have been made, he was competent to testify in respect to all other matters touching said indorsement.   It is also contended that defendants waived the objection to the competency of plaintiff as a witness in his own behalf in the probate court, at the time the note was presented in that court for allowance against the estate of R. M. Crow.   We find nothing in the evidence to support this contention, besides, this is a different suit and and is between different parties.

3.   It is finally contended that the indorsed payment on the note, having been made prior to the bar of the Statute of Limitations, is an admission against interest and for this reason is, of and in itself, prima facie evidence that payment was made at the time and in the manner indicated by the indorsement.   This is the rule in some States but it is not the rule in this State.   In respect to this question, in the case of Gardner v. Early, 78 Mo. App. l. c. 350, we said: "It is well settled here that where an indorsement of payment on a promissory note made before the bar of the statute attaches, is relied on to rescue the note from the bar of the Statute of Limitations, it must be shown that the payment was made at the time it purports to have been, or that it was made by or with the consent of the payor.   [Goddard v. Williamson's Amr., 72 Mo. 133; Philip v. McHan, 52 Mo. 197; Haver v. Schwyhart, 39 Mo. App. 303; same case on second appeal, 48 Mo. App. 50; Smith v. Zimmerman, 51 Mo. App. 519.]"

And the Supreme Court, in Goddard v. Willamson's Admr., supra, l. c. 133, said:

"The action of the circuit court in refusing to permit the plaintiff to read as evidence the notes and credits thereon, without first proving when such credits were entered on the note was proper.   When plaintiff proves that the credit was made at a time when it was against his interest to make it, it is admissible.   If made by or with the consent of the payor of the note, it is admissible;

but a mere indorsement by the holder himself without the knowledge or consent of the payor, or other proof that the payment was then made, is not admissible, if the note would be barred by the statute but for the credit indorsed; otherwise the holder of a note would have no difficulty in avoiding the bar of the statute. [Phillips v. Mahan, 52 Mo. 197; Roseboom v. Billington, 17 John. 182.]" Like rulings were made in Briscoe v. Huff, 75 Mo. App. 288; Freeze v. Lockhard, 87 Mo. App. l. c. 104. These decisions are controlling in this State.

For the reasons herein stated, the judgment of the circuit court, granting a new trial, is affirmed. All concur.