LUCY P. CURTIS, Administratrix, *vs.* EUGENE NASH.

Washington. Opinion February 15, 1896.

*Notes. Payment. Indorsement. Limitations. Nonsuit. Practice.*

It is payment upon a promissory note, and not indorsement of such payment, that operates as a renewal of the promise, and removes the bar of the statute of limitations.

Evidence of application of payments may be shown either by direct testimony, or it may be implied from circumstances, if sufficient to satisfy the jury.

If there is any evidence which, if believed by the jury, would authorize a verdict for the plaintiff, a nonsuit should not be ordered.

ON EXCEPTIONS.

This was an action of assumpsit on a promissory note. Plea, general issue and the statutes of limitations. At the conclusion of the plaintiff's evidence, on the defendant's motion, the plaintiff was ordered to become nonsuit and thereupon took exceptions.

The case is sufficiently stated in the opinion.

*Chas. Peabody*, for plaintiff.

*H. H. Gray*, for defendant.

The only evidence offered as to payment is that of Wilmot Plummer: "Well I heard Mr. Eugene Nash say that he had some bills, little bills, and he would get them all together and come down and have it indorsed on the note."

There was no appropriation, no payment. At most, only a naked statement of defendant that he would do a thing which he never did. If there were any agreement it was executory and something further was to be done. There was no adjustment of accounts, neither was the amount of the bill settled, nor known so far as it appears. The note still existed as it stood before, and could have been transferred and the account assigned and collected. The parties might never have agreed as to the bills nor the amount. No evidence that Mr. Curtis assented to defendant's statement.

There must be the concurring intention of the party making and the party receiving payment. *Cushing* v. *Wyman*, 44 Maine, 121.

The agreement was an executory one and never executed. *Noble* v. *Edes*, 51 Maine, 34; *Weeks* v. *Elliott*, 33 Maine, 488; *Cary* v. *Bancroft*, 14 Pick, 315; *Winchester* v. *Sibley*, 132 Mass. 273; *Cushing* v. *Wyman*, supra; *Richardson* v. *Cooper*, 25 Maine, 450. The right of appropriation by the creditor should be exercised within a reasonable time after payment and by performance of some act which indicates an intention to appropriate. *Starrett* v. *Barber*, 20 Maine, 457.

Appropriation cannot be made by creditor at a time when a controversy has arisen thereon. *Milliken* v. *Tufts*, 31 Maine, 497.

SITTING: PETERS, C. J., FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

FOSTER J. Action of assumpsit on a promissory note dated March 21, 1877, with several indorsements on the back of the same. The last indorsement was for fourteen dollars, dated February 22, 1884.

The plaintiff's intestate died May 30, 1890, more than six years after the last indorsement.

The defense is the statute of limitations.

To this the plaintiff replies that payments had been made by the defendant within the six years, but not indorsed upon the note. Upon the plaintiff's evidence a nonsuit was ordered, and exceptions taken.

If there was any evidence which, if believed by the jury, would authorize a verdict for the plaintiff, then a nonsuit should not have been ordered. It is payment, not indorsement, that operates as a renewal of the promise, and removes the statutory bar. *Egery* v. *Decrew*, 53 Maine, 392; *Evans* v. *Smith*, 34 Maine, 33; *Manson* v. *Lancey*, 84 Maine, 380, 382.

We think there was some evidence tending to prove payment on the part of the defendant. He had worked hauling wood, farming, planting a few potatoes, and making a garden for Curtis, plaintiff's intestate, in 1889, and the evidence shows that he stated to Curtis "that he had some other bills, little bills, and he would get them all together and come down and have it indorsed on the note." He had also worked out a road tax for Curtis that same year, amounting to $6.31.

If this labor was understood by the parties when it was performed to be applied on the note, or to go in part payment thereof, then it would so operate, whether it was evidenced by any written indorsement or not. The indorsement would be evidence only, but this fact may be established by other evidence, and if it is so established, it is equally effective to save the case from the operation of the statute. The evidence of application of payments may be shown either by direct testimony, or it may be implied from circumstances, if sufficient to satisfy the jury. *Foster* v. *Inhab. of Dixfield*, 18 Maine, 380. Here was evidence of more or less weight tending to show payment upon the note by the defendant within the period of six years from the last indorsement. It was not evidence of an executory promise, but of executed labor. We think there was evidence that should have been submitted to the jury. It was withdrawn from them, and the entry must be,

*Exception sustained.*